# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                        CRIMINAL ACTION NO. 2:99-cr-00057-1

BENJAMIN EUGENE GREEN, JR.,

          Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. Pursuant to a Standing Order entered on February 6, 2008, this case was designated for Expedited consideration.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

By its written and filed response, the United States does not object to the reduction ordered herein.

Based on the foregoing considerations, the Motion is **GRANTED**. The Court **ORDERS** that Defendant's base offense level be reduced by **2** levels, resulting in a new total offense level of **36**. It is further **ORDERED** that Defendant's previous sentence be reduced to a period of **117** months, with credit for time served to date.* This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C).

---

* In determining the extent to which the sentence may be reduced, this Court may take into account the fact that Defendant previously received a downward departure from the then-applicable guideline range from a range of 292 to 365 months to a sentence of 146 months based on a substantial assistance motion from the Government. In authorizing a reduced sentence based on a retroactive amendment to a guideline, the Sentencing Commission stated: "If the original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate . . . ." U.S.S.G. §1B1.10(b)(2)(B) app. n. 3. For example, the application note provides:

> [I]n a case in which: (A) The guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (B) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (C) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.

*Id.*

In this case, the bottom of the original guideline range was 292 months, and the Court imposed a sentence of 146 months. That constituted a reduction of 50%. Thus, the new reduction authorized by the Sentencing Commission is also 50% below the new guideline minimum of 235 months -- that figure is 117.5 months, or 117 months in round numbers.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

        ENTER:       April 16, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE